UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term

Grand Jury Sworn in on November 3, 2016

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. |
| v. | : | GRAND JURY ORIGINAL |
| OTEEKE POWELL, and<br>FRANCIS JAMES BENSON,<br><br>Defendants. | : | VIOLATIONS:<br>21 U.S.C. § 841(a)(1) and<br>§ 841(b)(1)(B)(iv)<br>(Unlawful Distribution of One Hundred Grams or More of a Mixture and Substance Containing a Detectable Amount of Phencyclidine)<br>21 U.S.C. § 841(a)(1) and<br>§ 841(b)(1)(B)(iii)<br>(Unlawful Distribution of 28 Grams or More of Cocaine Base)<br><br>FORFEITURE:<br>21 U.S.C. §§ 853(a), (p) |

## INDICTMENT

The Grand Jury charges that:

### COUNT ONE

On or about October 11, 2016, within the District of Columbia, **OTEEKE POWELL** and **FRANCIS JAMES BENSON**, did unlawfully, knowingly, and intentionally distribute a mixture and substance containing a detectable amount of phencyclidine, also known as PCP, a Schedule II controlled substance, and the amount of said mixture and substance was one hundred grams or more.

    **(Unlawful Distribution of One Hundred Grams or More of a Mixture and Substance of Phencyclidine,** in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(iv))

## COUNT TWO

On or about October 11, 2016, within the District of Columbia, **OTEEKE POWELL** and **FRANCIS JAMES BENSON**, did unlawfully, knowingly, and intentionally distribute a mixture and substance containing a detectable amount of cocaine base, also known as crack, a Schedule II narcotic drug controlled substance, and the amount of said mixture and substance was 28 grams or more.

**(Unlawful Distribution of 28 Grams or More of Cocaine Base**, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(iii))

## FORFEITURE ALLEGATION

1. Upon conviction of either of the offenses alleged in Counts One and/or Two, the defendants shall forfeit to the United States, pursuant to 21 U.S.C. § 853(a), any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of these offenses; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of these offenses. The United States will also seek a forfeiture money judgment against the defendants in the amount of $4,500.

2. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendants:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property that cannot be divided without difficulty;

the defendants shall forfeit to the United States any other property of the defendants, up to the value of the property described above, pursuant to 21 U.S.C. § 853(p).

(**Criminal Forfeiture**, pursuant to Title 21, United States Code, Sections 853(a), (p))

A TRUE BILL:

FOREPERSON.

*[signature: Channing D. Phillips]*
Attorney of the United States in
and for the District of Columbia.